[No. 9030.    Department Two.    March 13, 1911.]

ANNIE COWING-CALDWELL, *Respondent*, v. RUDOLPH WENZEL *et al.*, *Appellants*.[2]

Appeal from a judgment of the superior court for Yakima county, Preble, J., entered April 27, 1910, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action to quiet title. Affirmed.

*Parker & Richards*, for appellants.
*McAulay & Meigs*, for respondent.

PER CURIAM.—This is an action to remove a cloud from the title to a certain tract of land in Yakima county, Washington. The plaintiff in brief alleges that she was the owner in her own separate right of said land, and that on the 21st day of September, 1909, one Ed. Parker, assuming and pretending to act as her agent, entered into

[1]Reported in 112 Pac. 1135.
[2]Reported in 113 Pac. 1135.

a contract with the defendant and appellant Rudolph Wenzel. The contract is an ordinary contract for the sale of real estate, and is an agreement on the part of the respondent to sell to Rudolph Wenzel, on certain conditions, as stated in the contract, which is made a part of the complaint. The contract is signed, "Annie Cowing-Caldwell [respondent herein] by Ed. Parker, her agent," and signed by Rudolph Wenzel, appellant herein. The complaint alleges that the respondent never signed said contract nor authorized Parker to sign the same; that she refused to accept or ratify said contract; that said contract was recorded by defendants, and that by virtue thereof the defendants claim some right, title, and interest in said land above mentioned. The prayer of the complaint is to have respondent's title established as against the claim of the appellants, and that they be barred from claiming any right or title to the premises, and for an order to release said contract of record.

The answer admitted that the respondent held the legal title to said property in her own separate right, but denied that she was the owner and in possession thereof; admitted the making of the contract above referred to, and that the same has been recorded, and admitted that by virtue of said contract the appellants claimed title to said property. For a further answer and cross-complaint the appellants alleged that, on the 21st day of September, 1909, respondent was the owner of the land in controversy; that she had appointed Parker as her agent to sell and dispose of said land, and to represent her in transactions affecting the same; that she held the said Parker out to the world as her general agent for the purpose of handling and disposing of said lands, and gave him full and complete power and authority therefor, with power to contract for the sale thereof and to sell the same, at the price and on the terms agreed upon between respondent and said Parker; that under said authority Parker had full power to sell and dispose of said lands and to enter into a contract for the sale and disposal thereof; that in pursuance of such authority, Parker did sell the land to the appellants in accordance with the terms set forth in the contract, and that the appellants have fully performed the terms of said contract and stand ready to carry out the same, making the tenders due under the contract, and demanding a deed therefor, which plaintiff refused to execute. Also alleged that they are ready and willing to pay the remainder of the purchase price into court, and demanded that the respondent be required to deed the land to them. The case was tried by the court without a jury, and resolves itself into the question whether, under the facts as disclosed by the record, Parker had authority to bind the respondent by the contract which he executed on her behalf to the appellant Rudolph Wenzel; whether he was expressly authorized thereto by respondent; if not, whether his agency was of such a character as to

carry with it the power to make a contract binding upon the respondent, or, if not, whether respondent has ratified the contract.

The court found that the respondent was the owner in her own separate right in fee simple of the land in controversy; that Parker, assuming to act as agent, did, without any authority so to do, enter into a pretended contract in writing with the defendant Rudolph Wenzel, setting forth the contract; that said pretended contract was signed "Annie Cowing-Caldwell, by Ed. Parker, her agent;" and also by the defendant Rudolph Wenzel; that said signature of plaintiff's name thereto by said Ed. Parker was not authorized by said plaintiff; that said Ed. Parker never had any right or authority to enter into any agreement contained in said pretended contract; that plaintiff has at all times repudiated said contract and each and every of the terms thereof, and has not received and is not holding any money or other consideration for any agreement in said contract, and has not in any way ratified any agreement in said contract; and as a conclusion of law found that the said contract as recorded became, was, and is a cloud upon plaintiff's title to the land described, and that the defendants' claim is, and was, without foundation in law or equity; and judgment followed the findings and conclusions.

From an examination of the testimony, which is not particularly extensive, we are of the opinion that the findings of the court were abundantly warranted by said testimony; and there being no other assignment of error, and no question involving any legal principle, the judgment is affirmed.